IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARECONT VISION HOLDINGS, LLC., et al.,[1] | ) | Case No. 18-11142 (CSS) |
| | ) | |
| Debtors. | ) | **Re: Docket No. 7** |

**INTERIM ORDER UNDER SECTIONS 105, 345, 363, 364, 1107
AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING (I)
MAINTENANCE OF EXISTING BANK ACCOUNTS; (II) CONTINUANCE OF
EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, CHECKS AND
RELATED FORMS; (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an Order under sections 105, 345, 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") authorizing: the (i) maintenance of existing bank accounts including the authority to pay routine prepetition banking fees owed to financial institutions; (ii) continued use of the Debtors' existing cash management system, bank accounts, checks and related forms for the Debtors; (iii) providing for a limited waiver of the requirements of section 345(a) of the Bankruptcy Code; and (iv) granting the related relief as set forth herein; and upon the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and

---

[1] The Debtors and the last four digits of their U.S. tax identification number are Arecont Vision Holdings, LLC (9187), Arecont Vision, LLC (1410), and Arecont Vision IC DISC. (5376). The Debtors' noticing address in these chapter 11 cases is 425 Colorado Street, Suite 700, Glendale, CA 91205.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor; it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on **Exhibit A** to the Motion (the "Bank Accounts"); (ii) treat the Bank Accounts for all purposes as debtors in possession accounts; (iii) use all existing paper check stock and related forms without reference to the Debtors' status as "debtors in possession" until such supply is depleted, after which the Debtors will order new check stock, deposit slips and related forms with the "debtors in possession" reference; and (iv) are afforded a reasonable time to arrange for the labeling of "debtors in possession" on purchase orders and invoices issued postpetition, as requested in the Motion. The debtors will start using the DIP legend on self-printed and electronic checks and business forms within 10 business days on entry of this Order.

3. The banks set forth on the attached **Exhibit A** and any other bank (each, a "Bank" and collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as the debtors in possession without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided, however*, that any check that the Debtors advise any Bank to have been drawn or issued by the

Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

4. With respect to the Bank Accounts and Cash Management System, (i) the existing arrangements between the Debtors and the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and each of the Banks; (ii) the Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts with notice to the United States Trustee; and (iii) in the course of providing cash management services to the Debtors, each Bank is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors.

5. No later than the close of business on the fifth (5th) business day following entry of this Order, the Debtors shall make reasonable efforts to provide to the Banks a list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a Bank's reasonable reliance on the Prepetition Check List in connection with their honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order. Specifically, the Debtors shall send the Banks the list of all Prepetition Checks by at least check number and

amount and circle or highlight the Prepetition Checks on that list for which the Debtors have Court approval to pay and wants the Banks to honor; and the Banks shall promptly honor each such circled or highlighted Prepetition Check after the later of (i) receipt of the list of Prepetition Checks from the Debtors, or (ii) presentment to the Banks of any particular Prepetition Check highlighted or circled on that list.

6. Each Bank that maintains a disbursement account of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order.

7. The Debtors are authorized on an interim basis to continue to provide ordinary course funding to their non-Debtor foreign subsidiary as described in the Motion provided that the Debtors shall not make any intercompany loan to any non-Debtor affiliate absent further order of the Court, and provided further that the transfers from the Debtors to their non-Debtor foreign subsidiary shall not exceed $7,000 per month.

8. Citibank is hereby authorized to instate the automatic transfer of all amounts deposited into the Citibank Accounts directly to the Main Operating Account on a daily basis and in lieu of transferring such amounts terminate any transfers to the Sweep Account.

4

9. The Debtors may continue to fund their businesses and operations through the Bank Accounts, consistent with and subject to the terms, conditions, and budget attached to any order approving the Debtors' use of cash collateral and/or any postpetition financing facility entered by the Court (each, a "Financing Order"). ~~Any payment made (or to be made) by the Debtors pursuant to the authority granted herein shall be subject to any Financing Order,~~ the ~~documentation in respect of any postpetition financing facility and/or~~ use of cash collateral and ~~the budget governing any such postpetition financing and/or use of cash~~ collateral.

10. The Debtors shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' Cash Management System ~~and any~~ Financing Order. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly on the applicable accounts.

11. Nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as it may deem necessary and appropriate with notice within 14 days of such opening or closing to the United States Trustee, the Debtors' prepetition secured lenders, the Debtors' postpetition lenders, and to any official committee appointed in these cases; *provided, however*, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein and, *further provided* that any new bank shall have executed a

5

DOCS_SF:95982.16 05062/001

Uniform Depository Agreement with the United States Trustee for the District of Delaware or be willing to immediately executed a Uniform Depository Agreement.

12. The Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practices.

13. The Debtors are authorized to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation so long as such funds are deposited in a Bank Account with a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware.

14. Despite use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each debtor, regardless of who pays those disbursements

15. The Debtors shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the date hereof.

16. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

17. The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that it applies.

18. A final hearing on the Motion shall be held on June _8_, 2018 at _2:00 pm_. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. prevailing Eastern Time on _6/1_, 2018, and shall be served on: which objections shall be served so as to be actually received on or before such date on: (a) proposed counsel for

DOCS_SF:95982.16 05062/001

the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn: Ira D. Kharasch, Esq. (ikharasch@pszjlaw.com) and James E. O'Neill (joneill@pszjlaw.com); (b) counsel for the Committee, (c) counsel to the DIP Lenders, Morris Nichols Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, DE 19801, Attn: Robert J. Dehney (rdehney@mnat.com) and Baker Botts, L.L.P., 30 Rockefeller Plaza, New York, NY 10112-4498, Attn: Emanuel C. Grillo, Esq. (emanuel.grillo@bakerbotts.com); and (d) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Benjamin Hackman.

19. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: ___5/15___, 2018
Wilmington, Delaware

Honorable Christopher S. Sontchi
United States Bankruptcy Judge