# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ARECONT VISION HOLDINGS, LLC., et al.,[1] ) | Case No. 18-11142 (CSS) |
| ) | |
| ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Ref. Docket No. —— 57 |

**ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

Upon consideration of the motion (the "Motion")[2] filed by the above-captioned Debtors and Debtors in possession (the "Debtors"), for an order pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, authorizing the Debtors to (a) retain and employ the Ordinary Course Professionals on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and (b) establish procedures to compensate the Ordinary Course Professionals under sections 328, 330, and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtors' business

---

[1] The Debtors and the last four digits of their U.S. tax identification number are Arecont Vision Holdings, LLC (9187), Arecont Vision, LLC (1410), and Arecont Vision IC DISC. (5376). The Debtors' noticing address in these chapter 11 cases is 425 Colorado Street, Suite 700, Glendale, CA 91205.

[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

and is in the best interests of the Debtors, their estate and its creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and objections, if any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and after due deliberation and good and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as stated herein.

2. Subject to the procedures set forth below, the Debtors are authorized to retain and employ, ~~effective as of the Petition Date,~~ the Ordinary Course Professionals listed on **Exhibit B** ~~to the Motion~~ **A** attached hereto (collectively, the "Ordinary Course Professionals"), without the need to file separate, formal retention applications for each Ordinary Course Professional and obtain retention orders for each effective as of the latest to occur of: (a) the date on which the Ordinary Course Professional begins providing services to the Debtors; (b) the Petition Date; and (c) thirty (30) days prior to the date on which the Ordinary Course Professional files its Declaration.

3. Within five (5) business days after the date of entry of this Order, the Debtors shall serve this Order and the form of ~~affidavit~~ Declaration attached ~~to the Motion~~ hereto as **Exhibit ~~C~~ B** upon each Ordinary Course Professional.

4. On the later of (a) thirty (30) days after the entry of this Order or (b) prior to the date an Ordinary Course Professional provides any services to the Debtors following the Petition Date, each such Ordinary Course Professional shall file with this Court, and serve upon (a) counsel to the Debtors, (i) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th

2

Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn.: James E. O'Neill, Esq. and Pachulski Stang Ziehl &Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067; Attn: Ira D. Kharasch, Esq.; (b) any committee appointed in this case; (c) counsel to the DIP Agent and DIP Lenders, Baker Botts, L.L.P., 30 Rockefeller Plaza, New York, NY 10012; Attn: Emanuel C. Grillo; and (d) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin Hackman, Esq. (collectively, the "Notice Parties"), a disclosure ~~affidavit~~ declaration of the proposed professional (the "~~Affidavit~~Declaration") in substantially the form attached ~~to the Motion~~ hereto as **Exhibit ~~C~~B**, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure; ~~and~~ (e) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition and (f) disclose any prepetition amounts the Debtor owe to the Ordinary Course Professional.

    5.  The Notice Parties shall have ten (10) days after service of each Ordinary Course Professional's ~~Affidavit~~ Declaration (the "Objection Period") to object to the retention of such professional. Any such objections shall be timely served upon the Ordinary Course Professional to whom the objection applies, the Debtors, and the other Notice Parties. If any such objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after

3

service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtors at a mutually convenient time. If no timely objection is filed and received in respect of each Ordinary Course Professional, or if any objection is withdrawn, the Debtors shall be authorized to retain such Ordinary Course Professional as a final matter without further order of this Court. ~~Nothing herein shall preclude an Ordinary Course Professional from applying to the Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the date an Affidavit is filed until such retention request is denied by the Court or withdrawn by the Debtors.~~

6. The Debtors may not make any payments to any Ordinary Course Professionals unless (i) such Ordinary Course Professional has filed the ~~Affidavit~~<u>Declaration</u>, (ii) the Objection Period has expired, and (iii) no timely objection is pending, or, if a timely objection is received, (a) the objection is resolved and withdrawn or (b) such retention is otherwise approved by the Court.

7. The Debtors are authorized, without need for further hearing or order from this Court, to employ and retain Ordinary Course Professionals not currently listed on **Exhibit B** ~~to the Motion~~ <u>A hereto</u> by filing with this Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order, including, without limitation, the procedures set forth in paragraphs 4, 5, and 6 hereof. <u>For any added Ordinary Course Professional, such professional's retention will be effective upon the latest to occur of: (a) the date on which the Ordinary Course Professional</u>

<u>begins providing services to the Debtors; (b) the Petition Date; and (c) thirty (30) days prior to the date on which the Ordinary Course Professional files its Declaration.</u>

8. The Debtors are authorized, but not directed, to pay to each Ordinary Course Professional and any other Ordinary Course Professionals retained pursuant to the terms of this Order, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses, in the manner customarily made by the Debtors; *provided, however,* that the fees and disbursements for any one Ordinary Course Professional shall not exceed a total of $25,000 per month on average over a rolling four-month period, unless otherwise authorized by this Court (the "<u>Monthly Cap</u>") and the aggregate cap for all Ordinary Course Professionals shall not exceed $50,000.00 per month.

9. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

10. If in any given month the fees and expenses for any one Ordinary Course Professional exceed the Ordinary Course Professional's Monthly Cap, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's fees and expenses for such month. No Ordinary Course Professional shall be required to submit quarterly or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded its Monthly Cap, provided that such Ordinary Course

Professional obtained Court approval of its excess fees and expenses for such month in accordance with this paragraph.

11. All payments to any one Ordinary Course Professional shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330 of the Bankruptcy Code. In addition to the limits set forth in this Order, all payments to an Ordinary Course Professional are further subject to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

12. Within thirty (30) days after the last day of March, June, September, and December of each year this case is pending, beginning in the period of June 2018, the Debtors shall file with this Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a short statement of the type of services rendered by such Ordinary Course Professional.

13. <u>Notwithstanding anything else in this Order, nothing in the order shall authorize the debtors to pay the pre-petition claim(s) of any non-attorney Ordinary Course Professional.</u>

14. ~~13.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____          _____
       Wilmington, Delaware                    The Honorable Christopher S. Sontchi
                                                                   United States Bankruptcy Judge

# EXHIBIT A

## Professionals Utilized in the Ordinary Course of Business

| Name of Professional | Type of Professional |
|---|---|
| Winston & Strawn LLP | NetPosa and M&A attorney |
| Law Offices of Kevin J. Keenan | General counsel |
| Donlin Recano | Communications |
| Lewis Roca Rothgerber Christie | Patent attorney |
| Potter Anderson Corroon LLP | Delaware counsel in suit with NetPosa |
| Law Officers of Curt Surls | Labor attorney |

# EXHIBIT B

# ORDINARY COURSE PROFESSIONAL DECLARATION

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ARECONT VISION HOLDINGS, LLC., et al.,[1] ) | Case No. 18-11142 (CSS) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

I, _____, hereby declare that the following is true to the best of my knowledge, information and belief:

I am a _____ of _____ (the "Firm") which maintains offices at [address].

This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated _____, 2018, authorizing the above-captioned debtors and debtors in possession (the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 case (the "Case").

The Firm, through me, and members of the firm, have represented and advised the Debtors as _____ with respect to a broad range of aspects of the Debtors' business, including _____, since [insert date].

The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of chapter 11 of title 11 of the United States Code

---

[1] The Debtors and the last four digits of their U.S. tax identification number are Arecont Vision Holdings, LLC (9187), Arecont Vision, LLC (1410), and Arecont Vision IC DISC. (5376). The Debtors' noticing address in these chapter 11 cases is 425 Colorado Street, Suite 700, Glendale, CA 91205.

(the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: [Insert description].

The Firm's current customary [hourly] rates, subject to change from time to time, are $_____. In the normal course of business, the Firm revises its regular [hourly] rates on _____ of each year and requests that, effective _____ of each year, the aforementioned rates be revised to the regular [hourly] rates which will be in effect at that time.

To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtors or currently represents any of their creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, its estate, and creditors, except [_____].

Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estate in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in this case.

In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters entirely unrelated to the Debtors and its estate. The Firm does not and will not represent any such entity in connection with this pending case and does not

2

have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtors or its estate.

The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtors, its estate, and creditors, consists of the following: _____.

In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $ _____ on account of such prepetition services.

In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, its estate, or creditors, as identified to the Firm, with respect to the matters in which the firm will be engaged.

Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

The Firm further states that it has not shared, nor agreed to share any compensation received in connection with this Case with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

DOCS_LA:311644.5 DOCS_LA:311644.6 05062/001

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[NAME]
[ADDRESS]
