# EXHIBIT A

**Diamond Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARECONT VISION HOLDINGS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 18-11142 (CSS)<br><br>Jointly Administered |

**DECLARATION OF THOMAS DIAMOND IN SUPPORT OF LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BSREP SOCAL GLENDALE LLC WITH RESPECT TO POTENTIAL ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE AND PROPOSED CURE AMOUNT**

I, Thomas Diamond, being duly sworn, depose and say:

1. I am the Senior Vice President of Real Estate Management of Brookfield Strategic Real Estate Partners GP LLC ("Brookfield"), which is the manager of the REIT that indirectly owns BSREP SoCal Glendale (the "Landlord"), which is the landlord of premises located at 425 East Colorado Boulevard, Glendale (the "Premises").

2. In my capacity as Senior Vice President of Real Estate Management of Brookfield, my review of relevant documents, and my discussions with Brookfield's and the Landlord's personnel and advisors, I am familiar with the Premises, the terms of the Lease, and the obligations thereunder.

3. Except as otherwise noted, all facts set forth in this declaration (the "Declaration") are based on my personal knowledge, my discussions with Brookfield's and the Landlord's personnel and advisors, my review of relevant documents or my opinion, based upon my experience and knowledge. In making this Declaration, I have relied in part on information and materials that Brookfield's and/or the Landlord's personnel and advisors have gathered,

prepared, verified, and provided to me, in each case under my ultimate supervision, at my direction, and/or for my benefit in preparing this Declaration.

4. I am over the age of 18, competent to testify, and authorized to submit this Declaration on behalf of the Landlord.

5. I submit this Declaration in support of the *Limited Objection and Reservation of rights of BSREP SoCal Glendale LLC with respect to the Potential Assumption and Assignment of Unexpired Lease and Proposed Cure Amount* (the "Limited Objection").[3]

6. The Landlord and Debtor Arecont Vision, LLC (the "Tenant") are parties to that certain Standard Office Lease dated October 26, 2007 (as amended, modified, or supplemented from time to time, including by that certain Storage License Agreement dated December 19, 2012, collectively the "Lease").

7. The Landlord is informed that the Stalking Horse Purchaser is interested in taking an assignment of the Lease on a modified basis. The Landlord and the Stalking Horse Purchaser are in the process of negotiating the terms of such modified Lease.

8. The Landlord has received an adequate assurance package from the Stalking Horse Purchaser, but such adequate assurance, by itself, is insufficient. First, the Stalking Horse Purchaser will be a newly formed entity, without any operating history; and second, no information has been provided regarding the Stalking Horse Purchaser's opening balance sheet or projections.

9. I am advised that if an agreement on modified Lease terms is not reached, the Motion seeks to allow the Stalking Horse Purchaser to utilize the Premises pursuant to a Transition Services Agreement for 90 days following the closing of the sale while it transitions

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Limited Objection.

to a different location. While this is unacceptable to the Landlord, the Landlord is amenable to negotiating an acceptable license agreement between the Landlord, the Debtors and the Stalking Horse Purchaser, which would allow the Stalking Horse Purchaser to remain in the Premises for such 90 day period, and the Landlord has provided (through counsel) a draft of such license agreement to the Stalking Horse Purchaser's counsel.

10. I have reviewed the Cure Notice, which identifies the total cure amount as $103,542. That is the amount outstanding for rent under the Lease for the month of May. However, counsel to the Landlord has advised that since the Petition Date, attorneys' fees in connection with enforcing the Landlord's rights under the Lease related to the bankruptcy cases is more than $30,000, and such fees continue to accrue.

11. Of the $103,542 of rent due for May described above, $60,000.75 is "stub" rent for the period from May 14, 2018 (the Petition Date) through May 31, 2018. The Landlord has not yet received payment of such stub rent.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: July 3, 2018
      Los Angeles, California

By:   /s/ Thomas Diamond
Name: Thomas Diamond
Title: Senior Vice President of Real Estate Management of Brookfield Strategic Real Estate Partners GP LLC