## **Exhibit A**

Dismissal Order

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AV DEBTOR HOLDINGS, *et al.*,[1] | ) | Case No. 18-11142 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DISMISSING THE CHAPTER 11 CASES; (II) AUTHORIZING THE ABANDONMENT OF CERTAIN PROPERTY; (III) TERMINATING CLAIMS AND NOTICING SERVICES; (IV) EXCULPATING CERTAIN PARTIES FROM LIABILITY IN CONNECTION WITH THE CHAPTER 11 CASES; AND (V) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305, 349, 363(b)(1), 554(a), and 1112(b) of title 11 of the Bankruptcy Code, Bankruptcy Rules 1017, 2002, 3003, and 6007, and Local Rule 1017-2, dismissing the Chapter 11 Cases and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the

---

[1] The Debtors and the last four digits of their U.S. tax identification number are [AV Debtor Holdings] (f/k/a Arecont Vision Holdings, LLC) (9187), [AV Debtor] (f/k/a Arecont Vision, LLC) (1410), and [AV Debtor IC DISC] (f/k/a Arecont Vision IC DISC) (5376). The Debtors' noticing address in these chapter 11 cases is AV Debtor Holdings, *et al.* c/o Armory Strategic Partners, LLC, 1230 Rosecrans Avenue, Suite 660, Manhattan Beach, CA 90266, Attn: T. Scott Avila, Chief Restructuring Officer.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion

relief granted herein, including that the Debtors ceased all business operations and retained no unencumbered assets as of the closing of the Sale; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.     Pursuant to sections 1112(b) of the Bankruptcy Code, the Chapter 11 Cases of the following debtors are hereby dismissed:

| **Debtor** | **Case Number** |
|---|---|
| AV Debtor Holdings | 18-11142 |
| AV Debtor | 18-11143 |
| AV Debtor IC DISC | 18-11144 |

4.     Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy Code all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of these Chapter 11 Cases and any related adversary proceedings, including, without limitation, the Sale Order and the Final DIP Order, shall remain in full force and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5.     Each of the Professionals' retentions by the Debtors' estates is terminated without the need for further action on the part of this Court, the Debtors, or such firms. Notwithstanding anything to the contrary herein, the Court shall retain jurisdiction to consider and rule on any final fee applications following entry of this Order, to the extent necessary.

6.     Pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are deemed to have abandoned and assigned all right, title and interest in and ownership of the Wonder Vision Claims and the Unsold Collateral, including the Debtors' rights under the NetPosa Sale Agreement, the related escrow agreement (including any right of the Debtors to receive funds held in escrow) and all other documents related to the Wonder Vision Claims and any rights to recover or collect amounts owed thereunder, to the Collateral Agent or such other party as the Collateral Agent may designate; provided, however, that such abandonment will be subject to the rights and obligations arising under Section 4 of that certain Settlement Agreement and Release dated as of February 22, 2018, including the Principals' (as defined therein) interest in and to the Principals' Proceeds Amount (as defined therein). The Debtors and their agents and professionals are authorized to perform all acts and execute and comply with the terms of any documents, instruments, and agreements as the Collateral Agent or its designee may reasonably require as evidence of the abandonment and assignment of the Wonder Vision Claims and the Unsold Collateral to the Collateral Agent or its designee, or which otherwise may be deemed reasonably necessary to effectuate the assignment of all right, title and interest in and ownership of the Wonder Vision Claims and the Unsold Collateral to the Collateral Agent or its designee, including without limitation: (a) assigning to the Collateral Agent or its designee their rights under the NetPosa Sale Agreement, the related escrow agreement (including any right of the

Debtors to receive funds held in escrow) and/or any other related transaction documents and any rights to recover or collect amounts owed thereunder; (b) assigning to the Collateral Agent or its designee any and all claims, causes of action or choses of action they may have against any party that arise under or are related in any way to the NetPosa Sale Agreement, the related escrow agreement (including any right of the Debtors to receive funds held in escrow) and/or any other related transaction documents, including without limitation the claims asserted in the action now pending before the Delaware Court of Chancery and entitled Arecont Vision Holdings, LLC v. Wonder Vision, Inc., et al., C.A. No. 2017-0741-JRS and the right to prosecute or continue prosecuting such claims in the name of the Collateral Agent or its designee; and/or (c) prosecuting or continuing to prosecute in their own names, under the direction of and/or with funding from the Collateral Agent or its designee, any claims falling within clause (b).

7.      Omni, as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in these cases; provided that Omni shall provide the services described in this paragraph and to the extent its fees and costs have not otherwise been satisfied shall be entitled to payment and reimbursement of such fees and costs; provided further, that Omni shall continue to serve as claims and noticing agent for the Debtors until these Chapter 11 Cases has been closed. Notwithstanding anything in Local Rule 2002- 1(f)(ix) to the contrary, within fourteen (14) days after the entry of this Order, Omni shall (i) forward to the Clerk of the Court an electronic version of all imaged claims, (ii) upload the creditor mailing list into CM/ECF, (iii) docket a combined final claims register containing claims against each Debtor, and (iv) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims

4

8.      From and after the entry of this Order, the Debtors, their affiliates, successors, or assignees, and any of the Debtors' respective directors, officers, employees, attorneys, consultants and advisors who served during any portion of these Chapter 11 Cases, and any other professionals retained in these cases (each an "Exculpated Party" and collectively, the "Exculpated Parties"), shall be exculpated from any liability for any act taken or omitted to be taken in good faith through the date of entry of this Order for any actions in connection with or related to the Debtors or the Debtors' Chapter 11 Cases, except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such party.

9.      To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

10.      The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

11.      Notwithstanding the dismissal of the Chapter 11 Cases, to the extent allowed by applicable law, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the Chapter 11 Cases.

Dated: _____, 2018
Wilmington, Delaware

                                       _____
                                       The Honorable Christopher S. Sontchi
                                       Chief United States Bankruptcy Court Judge