# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 18-11142 (CSS) |
| | : | |
| AV DEBTOR HOLDINGS, *et al.*, | : | Jointly Administered |
| | : | Re: D.I. 194 |
| | : | **Hearing Date: Oct. 10, 2018, at 2:00 p.m.** |
| Debtors. | : | **Obj. Deadline: Oct. 2, 2018, at 4:00 p.m.** |
| | : | **(extended for U.S. Trustee to Oct. 3)** |

## LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION TO DISMISS

Andrew R. Vara, Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, objects on a limited basis to Debtors' Motion for Entry of an Order (I) Dismissing the Chapter 11 Cases; (II) Authorizing the Abandonment of Certain Property; (III) Terminating Claims and Noticing Services; (IV) Exculpating Certain Parties from Liability in Connection with These Chapter 11 Cases; and (V) Granting Related Relief (D.I. 194) (the "Motion"), and in support of his objection respectfully states as follows:

## PRELIMINARY STATEMENT

1. The U.S. Trustee does not object to dismissal of the Debtors' cases, but he does object to the requested "exculpation."

## JURISDICTION

2. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this limited objection.

3. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re*

*Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. The U.S. Trustee has standing to be heard on the Motion pursuant to 11 U.S.C. § 307.

## BACKGROUND

5. On May 14, 2018, the above-captioned debtors (the "Debtors") filed chapter 11 petitions in this Court.

6. The U.S. Trustee has not appointed an official creditors' committee in these cases. *See* D.I. 79.

7. The form of order filed with the Motion provides in paragraph 8:

> From and after the entry of this Order, the Debtors, their affiliates, successors, or assignees, and any of the Debtors' respective directors, officers, employees, attorneys, consultants and advisors who served during any portion of these Chapter 11 Cases, and any other professionals retained in these cases (each an "Exculpated Party" and collectively, the "Exculpated Parties"), shall be exculpated from any liability for any act taken or omitted to be taken in good faith through the date of entry of this Order for any actions in connection with or related to the Debtors or the Debtors' Chapter 11 Cases, except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such party.

## ARGUMENT

8. The Court should not approve ordered para. 8. The Debtors stylize that provision as exculpation, but it goes further than that: it would give the Debtors a partial discharge. The language provides that "the Debtors . . . shall be exculpated from any liability for any act taken or omitted to be taken in good faith through the date of entry of this Order for any actions in connection with or related to the Debtors" except for fraud, gross negligence or

2

willful misconduct. In other words, the Debtors could be discharged from any negligence claims or non-tort claims. Discharge is not appropriate in the dismissal order because the Debtors would not be eligible for discharge in a chapter 11 plan. *See* 11 U.S.C. § 1141(d)(3). The Debtors have liquidated substantially all of their assets, have no ongoing operations, and cannot fund a plan of liquidation. *See* Motion ¶¶ 24-25. There is "nothing left to reorganize[.]" *Id.* ¶ 27. Plan provisions (especially objectionable ones) should not be added to a dismissal order where disclosure, voting, and confirmation protections are absent.

9. The requested exculpation/release/discharge provision has other problems. First, it is not limited to estate fiduciaries. In the plan context, exculpation "must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers." *In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011). *See also In re Tribune Co.*, 464 B.R. 126, 189 (Bankr. D. Del. 2011) (same); *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000) (holding Section 1103(c) "limits the liability of a committee to willful misconduct or *ultra vires* acts."); *In re PTL Holdings LLC*, 2011 WL 5509031 at *11-12 (Bankr. D. Del. 2011) (BLS) (holding exculpation "must be reeled in to include only those parties who have acted as estate fiduciaries and their professionals."); *In re Indianapolis Downs, LLC*, 486 B.R. 286, 306 (Bankr. D. Del. 2013) (holding exculpation "limited so as to apply only to estate fiduciaries" was consistent with applicable law). Here, "exculpation" would extend to non-fiduciaries, such as non-debtor affiliates and professionals who were not retained pursuant to a Bankruptcy Court order. If those entities are not eligible to receive exculpation in a plan, then they should not receive exculpation in a dismissal order.

10. Second, the scope of the "exculpation" would extend to acts and omissions occurring pre-petition. It would apply to acts taken or omitted to be taken "through the date of entry of this Order," but with no start date. *But see In re Coram Healthcare Corp.*, 315 B.R. 321, 337 (Bankr. D. Del. 2004) (releases of chapter 11 trustee, equity committee and their professionals "are not permissible except to the extent they are limited to post-petition activity" and exclude gross negligence and willful misconduct).

11. Third, the scope of the "exculpation" would extend to acts and omissions that are unrelated to these bankruptcy cases. It would extend to acts or omissions related to "the <u>Debtors or</u> the Debtors' Chapter 11 Cases[.]" (emphasis added). Even if exculpation were to be afforded to estate fiduciaries, it should not apply to such entities in any other capacity.

12. Finally, the Debtors state that "[t]here is no evidence of wrongdoing by any of the Exculpated Parties." Motion ¶ 42. The Debtors should create a record to support this assertion.

13. Exculpation, release, and discharge provisions are not necessary to dismiss or convert a chapter 11 case. They are not necessary to impose the standard of care that the Bankruptcy Code imposes. Leaving the dismissal order silent does not prejudice anyone or change the status quo. In the context of dismissal, such provisions are an opportunity—one seized upon here—to engineer gratuitous protections for a wide variety of persons with respect to a wide variety of acts and omissions, where the bankruptcy estates have not been fully administered. The provisions here exceed what would be permissible in a plan. The Court should not approve them.

## CONCLUSION

14. The U.S. Trustee reserves any and all rights, remedies and obligations to complement, supplement, augment, alter and/or modify this limited objection, file an appropriate motion or conduct any and all discovery as may be deemed necessary or required, and to object on such other grounds as become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the proposed "exculpation."

Dated: October 3, 2018
       Wilmington, DE

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE,**
**REGION 3**

By: */s/ Benjamin Hackman*
    Benjamin A. Hackman
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491 (Phone)
    (302) 573-6497 (Fax)