IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AV DEBTOR HOLDINGS, *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 18-11142 (CSS)<br>(Jointly Administered)<br><br>**Re Docket Nos. 194 & 206** |

## REPLY OF THE DEBTORS IN SUPPORT OF MOTION TO DISMISS

The Debtors[2] hereby submit this reply (the "Reply") to the limited objection (the "UST Objection") filed by the Acting United States Trustee for Region 3 (the "U.S. Trustee") [D.I. 206] to the *Debtors' Motion for Entry of an Order (I) Dismissing the Chapter 11 Cases; (II) Authorizing the Abandonment of Certain Property; (III) Terminating Claims and Notice Services; (IV) Exculpating Certain Parties from Liability in Connection with these Chapter 11 Cases; and (V) Granting Related Relief* [D.I. 194] (the "Dismissal Motion"). In support of the Reply, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The U.S. Trustee does not object to the dismissal of the Chapter 11 Cases but does object to the requested exculpation. The UST Objection misapprehends the intent of the Debtors' proposed exculpation provision, although clarification of the language is needed. The

---

[1] The Debtors and the last four digits of their U.S. tax identification number are AV Debtor Holdings (f/k/a Arecont Vision Holdings, LLC) (9187), AV Debtor (f/k/a Arecont Vision, LLC) (1410), and AV Debtor IC DISC (f/k/a Arecont Vision IC DISC) (5376). The Debtors' noticing address in these chapter 11 cases is AV Debtor Holdings, *et al.* c/o Armory Strategic Partners, LLC, 1230 Rosecrans Avenue, Suite 660, Manhattan Beach, CA 90266, Attn: T. Scott Avila, Chief Restructuring Officer.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Dismissal Motion (defined herein).

Debtors have revised the proposed exculpation language to address concerns raised by the U.S. Trustee and to clarify the scope of exculpation sought. The revised exculpation language (the "Revised Exculpation Provision"), showing changes from the original language appears, below herein:

> From and after the entry of this Order, the Debtors, ~~their affiliates, successors, or assignees, and~~ any of the Debtors' respective directors, officers, or employees, ~~attorneys, consultants and advisors~~ who served during any portion of these Chapter 11 Cases, and any ~~other~~ of the Debtors' professionals retained in ~~these cases~~ the Chapter 11 Cases, (each an "Exculpated Party" and collectively, the "Exculpated Parties"), shall be exculpated from any liability for any act taken or omitted to be taken in good faith from the Petition Date through the date of entry of this Order for any actions in connection with or related to ~~the Debtors or~~ the Debtors' Chapter 11 Cases, except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such party; provided, however, that nothing in this paragraph shall exculpate any of the parties listed herein from any liability to the Wonder Vision Parties.

2.  A blacklined copy of the revised proposed dismissal order (the "Revised Dismissal Order"), which includes the Revised Exculpation Provision and changes requested by several parties, is attached hereto as Exhibit A.

3.  The Debtors are not seeking a bankruptcy discharge and they recognize they are ineligible for a bankruptcy discharge in the Chapter 11 Cases. The Debtors are not seeking exculpation for actions taken or omitted prepetition. The Debtors are not seeking exculpation for parties who were not estate fiduciaries. The Debtors are seeking limited exculpation for estate fiduciaries only for postpetition acts or omissions related to the Chapter 11 Cases.

4.  In addition to changes made to the Revised Exculpation Provision, the Debtors received informal comments to the Dismissal Order from several parties, including one informal comment to the exculpation provision. Pursuant to that party's request, they have been carved out from the Revised Exculpation Provision. Notice of the Dismissal Motion was served upon the creditor matrix and no party expressed any reservation regarding the proposed exculpation provision and no party, other than the U.S. Trustee, formally objected to the Dismissal Motion. The UST Objection remains unresolved.

5.  The Debtors served their entire creditors matrix with a notice of the Dismissal Motion which contained the exculpation language sought in the Dismissal Motion. A copy of the notice which included the exculpation language is attached hereto as <u>Exhibit B</u>. No creditor objected to the dismissal or the proposed exculpation therein.

6.  The Debtors have reviewed the UST Objection and recent precedent from this Court[3] and submit that the Revised Exculpation Provision is supported by law and warranted under the circumstances of the Chapter 11 Cases.

7.  The Debtors provided the U.S. Trustee with the Revised Exculpation Provision for review but the UST Objection remains unresolved. Accordingly, the Debtors respectfully request that the UST Objection be overruled.

---

[3] *Real Industry, Inc. et al.,* Case No. 17-12464 (KJC), (Bankr. D. Del. June 27, 2018) [Docket No. 1013]

**REPLY**

I. **The Revised Exculpation Provision Clarifies Scope and Addresses Issues Raised by the U.S. Trustee.**

8. The Revised Exculpation Provision is narrowly tailored to address actions taken by estate fiduciaries in the context of the Chapter 11 Cases. The Revised Exculpation Provision does not apply to any prepetition conduct, nor does it apply to any non-bankruptcy conduct, and the rights of third parties to assert causes of action based on any such conduct will remain unaffected. The Revised Exculpation Provision does not apply to actions that were taken in bad faith or acts of fraud, willful misconduct, or gross negligence. The Revised Exculpation Provision is consistent with others approved by Bankruptcy Courts in the context of chapter 11 plans.

9. The Revised Exculpation Provision addresses the issues raised by the US Trustee in its objection and is consistent with the exculpation provision approved by Judge Carey in *Real Industry, Inc. et al.,* Case No. 17-12464 (KJC), (Bankr. D. Del. June 27, 2018) [Docket No. 1013]. In Real Industry, Judge Carey found that he could dismiss a case for cause and "…cause includes the Court's discretion to impose or approve conditions provided they do not run afoul of the Bankruptcy Code's priority scheme in connection with the dismissal" [*Real Industry* Transcript hearing held on June 27, 2018, page 17][4].

---

[4] A full copy of the hearing transcript was attached to the Dismissal Motion as Exhibit B. References to the hearing transcript hereinafter shall be "Tr. p. ___".

II.       **The Efforts of the Proposed Exculpated Parties Yielded an Excellent Result in these Cases and the Proposed Exculpated Parties Acted Appropriately as Fiduciaries to the Debtors' Estate.**

10.       The Debtors will not restate the complete factual history of the Chapter 11 Cases as a more detailed description appears in the Motion.   The Debtors will reiterate, however, that they, their officers, directors, and employees, and retained estate professionals and fiduciaries (the "Proposed Exculpated Parties") worked diligently throughout the Chapter 11 Cases to consummate the Sale of substantially all of the Debtors' assets.   As a result of their efforts, the Proposed Exculpated Parties have preserved and maintained valuable business and customer relationships, held a successful auction increasing the purchase price by approximately $3,875,000, caused the Purchaser to assume a substantial portion of the Debtors' liabilities, including certain administrative and general unsecured trade claims and employee vacation, sick, and other paid time off obligations, and provided the Debtors with the ability to wind-down their estates in an orderly and efficient manner.

11.       Importantly, every employee of the Debtors who was employed at the time of the Sale received a job offer from the Purchaser.   All of the Debtors' employees, except one who took a job with a nondebtor affiliate, took jobs with the Purchaser.

12.       The Purchaser also assumed approximately $2,000,000 in pre and postpetition accounts payable, assumed certain product warranty and stock rotation obligations, assumed certain unpaid commission obligations to sales and manufacturers' representatives and assumed accrued and unpaid paid time off for employees.

13.     As stated in the Motion to Dismiss, the Debtors estimate that the remaining unpaid unsecured claims total no more than $500,000.00.

14.     There has been no evidence alleged during these Chapter 11 Cases of wrongdoing by any of the Proposed Exculpated Parties. In fact, the only fact apparent from the course of these Chapter 11 Cases is that the Proposed Exculpated Parties have executed their fiduciary duties in a proper manner and the result for creditors and parties in interest in these Chapter 11 Cases is better than anticipated.

**III.    The Revised Exculpation Provision States the Standard of Liability to which the Proposed Exculpated Parties would be Otherwise Held**

15.     The Revised Exculpation Provision states the standard of liability to which estate fiduciaries are generally held, both in and out of bankruptcy. The Proposed Exculpated Parties already enjoy a qualified immunity from suit for actions taken within the scope of their duties that do not rise to the level of gross negligence or intentional misconduct."[5] Although the UST Objection claims that the Debtors are seeking a discharge, *PWS Holding* states that where an exculpation provision merely sets forth the appropriate standard of liability to which exculpated parties would otherwise be subjected, it does not constitute an impermissible release or discharge of a non-debtor. *PWS Holding*, 228 F.3d at 246 (internal citation omitted).

---

[5] *See In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000) ("committee members" and "professionals who provide services to the debtor" are only liable for "willful misconduct or *ultra vires* acts") (italics in original, citations omitted); *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883-84 (B.A.P. 9th Cir. 1995) (citing cases and observing that trustees enjoy "derivative judicial immunity" and may only be sued for direct violations of their legally-imposed duties); *see also* 11 U.S.C. § 1107(a) (a debtor-in-possession generally possess the same powers, rights, and duties as a trustee).

**IV.     The Revised Exculpation Provision is Consistent with a Similar Exculpation Provision Approved in this Jurisdiction**

16.     In *Real Industry*, Judge Carey approved an exculpation provision which is virtually identical to the Revised Exculpation Provision. The provision approved by Judge Carey is below:

> From and after the date of this Order, the Real Alloy Debtors, the directors and officers of the Real Alloy Debtors who served during any portion of the Real Alloy Cases, the Real Alloy Debtors' professionals retained in these cases, the Committee, the members of the Committee in their capacity as such, the individuals who sat on the Committee, in their capacity as such, and the Committee's professionals retained in these cases (each an "Exculpated Party" and collectively, the "Exculpated Parties"), shall be exculpated from any liability for any act taken or omitted to be taken in good faith from the Petition Date through the date of entry of this Order in connection with or related to the Real Alloy Cases, including but not limited to, the implementation of this Order (other than an act in contravention of this Order), except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such party.

17.     In approving the language above, Judge Carey recognized that in *Real Industry*, as in the instant case here, "the parties have done what they should have done in connection with trying to maximize the assets of the estate and to make the best of what was obviously not an ideal situation" (Tr. p. 18-19). In Judge Carey's view, the Court had the discretion to impose or approve conditions, provided they do not run afoul of the Bankruptcy Code's priority scheme in connection with the dismissal and such an exculpation provisions provided a certain measure of finality. (Tr. p. 18).

18.     The Debtors assert that the Revised Exculpation Provision is consistent what the provision approved in *Real Industry*, adequately addresses the issues raised by the U.S.

Trustee in the UST Objection, is appropriate under the circumstances of the Chapter 11 Cases and should be approved.

## CONCLUSION

For the reasons set forth above, the Debtors respectfully request this Court to overrule the UST Objection, approve the Revised Exculpation Provision, and grant the Dismissal Motion.

Dated: October 4, 2018                    **PACHULSKI STANG ZIEHL & JONES LLP**

                                                    */s/ James E. O'Neill*
Ira D. Kharasch (CA Bar No. 109084)
Maxim B. Litvak (CA Bar No. 215852)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ikharasch@pszjlaw.com
       mlitvak@pszjlaw.com
       jo'neill@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*